FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUN - 9 2021

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

RICK WARREN
COURT CLERK

38_____

| | |
|---|---|
| JOANN ROBERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| (1) WAL-MART, INC., d/b/a SAM'S CLUB, | ) |
| And | ) |
| (2) SAM'S EAST, INC., d/b/a SAM'S CLUB | ) |
| | ) |
| Defendant. | ) |

Case No.: CJ • 2021 - 2499

## PETITION

**COMES NOW** the Plaintiff, Joann Roberson, and for her cause of action against the

Defendants, Wal-Mart Stores, Inc., d/b/a Sam's Club and Sam's East, Inc., d/b/a Sam's Club East,

d/b/a Sam's Club, alleges and states as follows:

## JURISDICTION AND VENUE

1.      Plaintiff Joann Roberson is a citizen of the State of Oklahoma and resident of

Pottawatomie County.

2.      Defendant Wal-Mart, Inc., d/b/a Sam's Club (hereinafter referred to as "Sam's

Club") is a Delaware corporation authorized to do business in the State of Oklahoma, with its

registered agent for service of process in the State of Oklahoma being: The Corporation Company,

1833 S. Morgan Road, Oklahoma City, Oklahoma 73128.

3.      Defendant Sam's East, Inc. d/b/a Sam's Club (hereinafter referred to as "Sam's

Club") is a Delaware corporation authorized to do business in the State of Oklahoma, with its

registered agent for service of process in the State of Oklahoma being: The Corporation Company,

1833 S. Morgan Road, Oklahoma City, Oklahoma City, Oklahoma 73102.

EXHIBIT 2

1

4.     The events that give rise to this lawsuit occurred in Midwest City, Oklahoma County, State of Oklahoma.

5.     The District Court in and for Oklahoma County has jurisdiction over the parties under 12 O.S. §§ 137 and 187.

**Facts**

6.     On September 8, 2019, Plaintiff was a business invitee and lawfully upon the premises of Defendants 'Sam's Club Store No. 8241 located at or near 6521 SE 29th St, Midwest City, Oklahoma 73110 to shop with her husband.

7.     Shortly after entering the subject store, Plaintiff separated from her husband and traveled through the store to retrieve a bag of coffee beans. Before reaching the coffee aisle, Plaintiff decided to return to her husband to ask him a question.

8.     Plaintiff then proceeded through the produce section of the store and reunited with her husband who was standing next to a Sam's Club vendor who was passing out samples of kiwi.

9.     After a quick discussion with her husband, Plaintiff returned back through the produce section and suddenly slipped on a kiwi and fell into a metal bar with her right hip before falling to the concrete floor and landing on her right hip and left shoulder.

10.     Almost immediately thereafter, Plaintiff was overcome with excruciating pain in her right hip. Plaintiff laid on her back, unable to move and screaming out in pain before being loaded into an ambulance by EMSA paramedics.

11.     A few moments later, Plaintiff was taken into the emergency department at Mercy Hospital where x-rays revealed an interochanteric fracture of her right femur.

2

12.     The following day on September 9, 2019, Dr. Kimberly Smith performed an open reduction and internal fixation ("ORIF") procedure on Plaintiff to re-attach her fractured femur with implanted surgical hardware.

13.     Over the next two (2) months, Plaintiff treated her injury through multiple rounds of physical therapy and post-operative physical examinations from various medical providers.

14.     On November 7, 2019, Plaintiff presented to Dr. Smith at Oklahoma Orthopedic Oncology for a post-operative examination of her right hip. An x-ray was taken of her right hip which revealed a persistent posterior cut out of her right hip trochanteric nail. Dr. Smith advised Plaintiff that the implanted hardware had failed and would need to be surgically removed. Dr. Smith further advised that Plaintiff would need to undergo a right bipolar hip replacement surgery.

15.     On November 13, 2019, Plaintiff reported to Mercy Hospital in Oklahoma City, where Dr. Smith removed the failed hardware and performed the right bipolar hip replacement surgery.

16.     Over the next four (4) months, Plaintiff participated in multiple sessions of inpatient physical therapy and outpatient physical therapy to assist with healing and strengthening her right hip after the hip replacement.

17.     Plaintiff had experienced daily pain in her shoulder since the subject incident, but the pain had progressed to a level where she could no longer treat it with pain medication. On May 21, 2020, Plaintiff returned to Dr. Smith who diagnosed her with left shoulder pain with rotator cuff tendinopathy and referred her out for physical therapy treatment for her left shoulder.

18.     From June 2, 2020 to August 20, 2020, Plaintiff presented to St Anthony Shawnee Physicians for multiple rounds of physical therapy on her left shoulder.

3

19.     Unfortunately, however, Plaintiff continues to experience pain in her right hip and left shoulder, which is exacerbated when Plaintiff moves or performs everyday activities. Plaintiff anticipates that she will require further medical care and treatment in the future as a result of the injuries she suffered from the subject incident.

### CAUSE OF ACTION – NEGLIGENCE

20.     Defendant Sam's Club, or its employees, agents, or representatives, created hazards that caused Plaintiff to trip / slip and fall.

21.     That Defendants Sam's Club owed a duty to maintain its premises in a reasonably safe condition for the use of its invitees, including Plaintiff. Defendants Sam's Club breached this duty.

22.     Defendants Sam's Club owed a duty to Plaintiff to either remove or warn of dangerous conditions on the premises that Defendants Sam's Club knew or should have known about in the exercise of reasonable care, or that were created by Defendants Sam's Club, or any of its employees, agents, or representatives. Defendant Sam's Club breached this duty.

23.     That in the exercise of ordinary care, Defendants Sam's Club knew or should have known the kiwi on the floor constituted a dangerous slipping / tripping hazard.

24.     That Defendants Sam's Club negligently failed to either remove or warn of the dangerous hazard presented by the kiwi, or the warnings were inadequate.

25.     That Defendants Sam's Club were negligent by failing to maintain its premises in a reasonably safe condition for invitees such as Plaintiff.

26.     Defendants Sam's Club negligently failed to inspect or failed to exercise reasonable care in inspecting the premises for dangerous conditions.

4

27.     Defendants Sam's Club negligently failed to maintain, or failed to exercise reasonable care in maintaining, the premises of the subject Sam's Club.

28.     That pursuant to the doctrine of respondeat superior, Defendants Sam's Club is strictly liable for the negligence of its agents, employees, and/or representatives committed within the course and scope of their employment.

## COMPUTATION OF DAMAGES

29.     Prior to said incident, Plaintiff was in good health with a normal life expectancy, but as a direct and proximate result of Defendants 'negligence, Plaintiff has sustained damages for which she is entitled to recover.

30.     Pursuant to the provisions of 12 O.S. §3226 Plaintiff submits her preliminary computation of damages sought in this lawsuit. As this is an action for injuries suffered by an adult, Plaintiff advises that all damages recoverable by law are sought, including those listed in OUJI 4.1. Under item (I), Plaintiff's lost earnings suffered to date are unknown. Under item (K), Plaintiff's medical expenses incurred to date total $117,991.73. Plaintiff anticipates she may receive medical treatment for her injuries and continue to incur medical expenses for the foreseeable future. The estimated amount of necessary future medical expenses is presently unknown. These items are among the elements for the jury to consider in determining the amount of damages to award Plaintiff. Other than the amounts which Plaintiff has specifically identified, Plaintiff is unable to guess or speculate as to what amount of damages a jury might award. The elements for the jury to consider include the following:

        A.      Plaintiff's physical pain and suffering, past and future;

        B.      Plaintiff's mental pain and suffering, past and future;

        C.      Plaintiff's age;

D.     Plaintiff's physical condition immediately before and after the accident;

E.     The nature and extent of Plaintiff's injuries;

F.     Whether the injuries are permanent;

G.     The physical impairment;

H.     The disfigurement;

I.     Loss of earnings;

J.     Impairment of earning capacity; and

K.     The reasonable expenses of the necessary medical care, treatment and services, past and future

**WHEREFORE** Plaintiff prays for judgment against the Defendants in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, punitive damages in excess of $75,000.00, together with interest, costs and any and all further relief to which she may be entitled in law and equity.

6

Respectfully submitted,

Simone Fulmer Gaus, OBA #17037
Harrison C. Lujan, OBA #30154
Jacob L. Rowe, OBA #21797
Andrea R. Rust, OBA #30422
Chad W. P. Kelliher, OBA #30607
Peyton S. Howell, OBA #33917
FULMER SILL PLLC
1101 N. Broadway Ave., Suite 102
Oklahoma City, OK 73103
Phone: (405) 510-0077
Fax: (800) 978-1345
Email: sfulmer@fulmersill.com
hlujan@fulmersill.com
jrowe@fulmersill.com
arust@fulmersill.com
ckelliher@fulmersill.com
phowell@fulmersill.com

**ATTORNEYS FOR PLAINTIFF**

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**

7