IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOANN ROBERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-21-657-PRW ) |
| WAL-MART, INC., D/B/A SAM'S CLUB and SAM'S EAST, INC., D/B/A SAM'S CLUB, | ) ) ) ) |
| Defendants. | ) ) |

### ORDER

Before the Court is the Defendants' Motion for Summary Judgment (Dkt. 23), Plaintiff's Response and Objection (Dkt. 34), and Defendants' Reply (Dkt. 42). For the reasons below, the Court **DENIES** Defendants' Motion for Summary Judgment (Dkt. 23).

### *Background*

This case arises out of a slip-and-fall incident. On September 8, 2019, Plaintiff Joann Roberson ("Roberson") was shopping at Defendant Sam's Club's store located in Midwest City, Oklahoma. While shopping in the fresh foods department, Roberson slipped and fell on a substance on the floor.[1] Neither party disputes this fact. Roberson claims that she suffered significant injuries from this fall that required (and continues to require) extensive medical care.

---

[1] Although the parties dispute what substance Roberson slipped on, neither party disputes that she slipped on some substance (either a grape or kiwi) that was sold or offered in the fresh foods department.

1

Roberson filed a petition in state court, bringing a claim against Sam's Club for negligence and seeking a variety of remedies, including punitive damages. Sam's Club then removed the action to this Court, invoking this Court's diversity jurisdiction. Before the close of discovery, Sam's Club filed a Motion for Summary Judgment, asking the Court to grant summary judgment in favor of Sam's Club on Roberson's negligence claim. Alternatively, Sam's Club asks the Court to grant partial summary judgment on Roberson's claim for punitive damages.

Roberson filed a response in opposition to the motion. She argues that there are genuine disputes of material fact as to whether Sam's Club was negligent, making this case improper for resolution on summary judgment. On punitive damages, Roberson claims summary judgment is inappropriate for two reasons: (1) summary judgment is not an appropriate means to address a claim for punitive damages; and (2) in any event, punitive damages are appropriate due to Sam's Club's failure to inspect the area where the fall occurred. Sam's Club filed a reply, and the matter is now fully briefed.

***Legal Standard***

Rule 56(a) of the Federal Rules of Civil Procedure requires "[t]he court [to] grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In deciding whether summary judgment is proper, the Court does not weigh the evidence and determine the truth of the matter asserted, but instead determines only whether there is a

genuine dispute for trial before the fact-finder.[2] The movant bears the initial burden of demonstrating the absence of a genuine, material dispute and an entitlement to judgment.[3] A fact is "material" if, under the substantive law, it is essential to the proper disposition of the claim.[4] A dispute is "genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.[5]

If the movant carries the initial burden, the nonmovant must then assert that a material fact is genuinely disputed and must support the assertion by "citing to particular parts of materials in the record" which show "that the materials cited [in the movant's motion] do not establish the absence . . . of a genuine dispute," or by showing "that [the movant] cannot produce admissible evidence to support the fact."[6] The nonmovant does not meet its burden by "simply show[ing] there is some metaphysical doubt as to the material facts"[7] or theorizing a plausible scenario in support of its claims. Instead, "the relevant inquiry is whether the evidence presents a sufficient disagreement to require

---

[2] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015).

[3] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[4] *Anderson*, 477 U.S. at 248; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[5] *Anderson*, 477 U.S. at 248; *Adler*, 144 F.3d at 670.

[6] Fed. R. Civ. P. 56(c)(1); *see also Celotex Corp.*, 477 U.S. at 322.

[7] *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[8]

## *Discussion*

Because this case is before the Court pursuant to the Court's diversity jurisdiction, Roberson's claims are governed by Oklahoma law.[9] As such, the Court's role is to "ascertain and apply [Oklahoma] law such that [the Court] reach the result that would be reached by [an Oklahoma] court."[10] The Court first addresses Sam's Club's argument that summary judgment is appropriate on Roberson's negligence claim and then turns to the issue of punitive damages.

   I. *Roberson's negligence claim.*

Roberson seeks to hold Sam's Club liable on premises liability grounds. Under Oklahoma law, "[i]t is axiomatic that the mere fact that an injury occurs carries with it no

---

[8] *Neustrom*, 156 F.3d at 1066 (quoting *Anderson*, 477 U.S. at 251–52); *see Bingaman v. Kan. City Power & Light Co.*, 1 F.3d 976, 980 (10th Cir. 1993).

[9] *See Martinez v. Angel Expl., LLC*, 798 F.3d 968, 973 (10th Cir. 2015). In a diversity action, the Court applies the substantive law of the forum state—here, Oklahoma. *See Haberman v. Hartford Ins. Grp.*, 443 F.3d 1257, 1264 (10th Cir. 2006). Oklahoma uses the "most significant relationship" test to determine governing law in tort cases, and here, that test indicates Oklahoma law should apply. *See Martin v. Gray*, 385 P.3d 64, 67 (Okla. 2016) ("The choice of law applicable to a tort claim is the 'most significant relationship' test...."); *Brickner v. Gooden*, 525 P.2d 632, 635 (Okla. 1974) ("The factors to be taken into account and to be evaluated according to their relative importance with respect to a particular issue, shall include: (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (4) the place where the relationship, if any, between the parties occurred.").

[10] *McIntosh v. Scottsdale Ins. Co.*, 992 F.2d 251, 253 (10th Cir. 1993).

presumption of negligence."[11] That is because a business owner "is not an insurer of the safety of others and is not required to prevent all injury occurring on the property."[12] Rather, to prevail on a premises liability negligence claim, Roberson must establish three elements: "(1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) an injury proximately caused by such breach."[13] Sam's Club does not dispute that Roberson was an invitee and that Sam's Club owed Roberson a duty of ordinary care. Sam's Club also does not dispute that Roberson suffered some injury. The only question at issue is whether Sam's Club breached its duty of care to Roberson.

To invitees, a business owes a "duty to exercise ordinary care to keep [the] premises in a reasonably safe condition for use [by the] invitees and a duty to warn invitees of dangerous conditions upon premises that are either known or should reasonably be known by the owner."[14] This duty "applies to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls and the like which are not known to the invitee and would not be observed by him in the exercise of ordinary care."[15]

In determining whether this duty has been breached, the business's liability

---

[11] *Gillham v. Lake Country Raceway*, 24 P.3d 858, 860 (Okla. 2001).

[12] *Taylor v. Hynson*, 856 P.2d 278, 281 (Okla. 1993).

[13] *Armer v. Golden Corral Corp.*, 2013 WL 4500671, at *2 (W.D. Okla. Aug. 21, 2013); *see Scott v. Archon Grp., L.P.*, 191 P.3d 1207, 1211 (Okla. 2008).

[14] *Phelps v. Hotel Mgmt., Inc.*, 925 P.2d 891, 893 (Okla. 1996).

[15] *Southerland v. Wal-Mart Stores*, 848 P.2d 68, 69 (Okla. Civ. App. 1993).

"hinges"[16] on "the owner's superior knowledge of the danger."[17] Because of this, a business will not be found to have breached its duty of care "unless it be shown that [it] had [knowledge] or could be charged with gaining knowledge of the condition in time sufficient to effect its removal or to give warning of its presence."[18] Thus, the question in this case is whether Sam's Club had (1) actual knowledge or (2) constructive knowledge of the condition causing Roberson's fall.[19] It is undisputed that Sam's Club did not have actual knowledge of any hazard, so Roberson can prove her claim only if Sam's Club had constructive knowledge.

One way to prove constructive knowledge is through "evidence tending to establish that [the business] negligently inspected the premises or negligently failed to inspect the premises."[20] Under this theory of liability, "a plaintiff need not show that defendant had notice of the specific condition causing his injuries."[21] Rather, a plaintiff may succeed on a negligence claim "if the plaintiff can show that the Defendant's operating methods are

---

[16] *Calloway v. Kirkland's Stores, Inc.*, 2021 WL 2926290, at *2 (W.D. Okla. July 12, 2021).

[17] *Southerland*, 848 P.2d at 69.

[18] *Rogers v. Hennessee*, 602 P.2d 1033, 1035 (Okla. 1979).

[19] *See Glass v. E-Z Mart Stores, Inc.*, 2016 WL 3982547, at *2 (W.D. Okla. July 22, 2016) ("Generally, a plaintiff arguing that the defendant allowed the dangerous condition to remain must show that the defendant had actual or constructive notice of the condition.").

[20] *Kassick v. Spicer*, 490 P.2d 251, 254 (Okla. 1971). As one judge in this district explained, "[c]onstructive [knowledge] may exist where . . . the owner failed to adequately inspect the premises for dangers known to arise." *Leonard v. Target Corp.*, 2014 WL 819438, at *2 (W.D. Okla. Mar. 3, 2014).

[21] *Glass*, 2016 WL 3982547, at *2 (internal citation and quotation marks omitted).

6

such that dangerous conditions are recurring or easy to anticipate" and the defendant negligently monitored the premises for the condition.[22] Importantly, "[i]n order for a failure to inspect to constitute negligence, the consequences of the failure to inspect, i.e., the occurrence of a dangerous condition, must have been foreseeable."[23]

Upon review, the Court finds that summary judgment on Roberson's negligence claim is inappropriate. Construing all facts and reasonable inferences in the light most favorable to Roberson, Roberson has identified "sufficient evidence" "that a rational trier of fact could" reasonably rely on to render judgment in her favor on at least one theory of premises liability: negligent inspection of premises.[24]

*First*, Roberson has pointed to evidence from which a reasonable jury could conclude that Sam's Club's "operating methods are such that dangerous conditions are recurring or easy to anticipate."[25] Specifically, Roberson points to Sam's Club's "Strategic Maintenance Plan," which acknowledges that "food/fresh departments"—the area where Roberson fell—"are peak accident areas for customer slip/trip/fall accidents."[26] A reasonable finder of fact could conclude from this plan that Sam's Club's operation of the food/fresh department is such that slip-and-fall incidents are foreseeable and the

---

[22] *Id*. (internal citation and quotation marks omitted).

[23] *Martin v. Wal-Mart Stores, Inc.*, 956 F.2d 278, at *3 (10th Cir. 1992) (unpublished) (citing *Trett v. Oklahoma Gas & Elec. Co.,* 775 P.2d 275, 279 (Okla. 1989)).

[24] *Adler*, 144 F.3d at 670; *see also Anderson*, 477 U.S. at 252.

[25] *Glass*, 2016 WL 3982547, at *2 (internal citation and quotation marks omitted).

[26] Strategic Maintenance Plan (Dkt. 34, Ex. 15), at 1.

department poses a risk of recurring dangerous conditions.

*Second*, Roberson has pointed to evidence that a reasonable jury could use to conclude that Sam's Club breached it duty of care by negligently monitoring the dangerous condition. As Roberson points out, Sam's Club's Strategic Maintenance Plan acknowledges that "scheduled strategic maintenance"—which the plan defines as monitoring the dangerous areas "continuously," as well as "sweeping and cleaning . . . food/fresh departments at certain regular intervals during the day"—is "an effective slip/trip/fall preventative measure."[27] A reasonable juror could use this aspect of the plan "as evidence of the measure of caution which ought to be exercised in situations to which the rules apply."[28] Roberson also points to video evidence that she claims shows that Sam's Club and its employees failed to abide by this policy and, as a result, shows that Sam's Club breached it duty of care by negligently monitoring the dangerous condition.[29] Viewing this video evidence in light of the Strategic Maintenance Plan, a reasonable jury could conclude Sam's Club breached it duty of care by negligently monitoring the food/fresh department where Roberson fell.[30] As such, Sam's Club's motion for summary

---

[27] *Id*.

[28] *Robinson v. Mo. Pac. R.R. Co.,* 16 F.3d 1083, 1091 (10th Cir. 1994) (quoting *Fulton v. St. Louis–San Francisco Ry. Co.,* 675 F.2d 1130, 1133 (10th Cir.1982)); *see Therrien v. Target Corp.*, 617 F.3d 1242, 1256–57 (10th Cir. 2010) (applying this concept to a premises liability claim brought under Oklahoma law).

[29] *See* Pl.'s Resp. (Dkt. 34), at 17; Surveillance Video (Dkt. 41).

[30] *See Therrien*, 617 F.3d at 1256–57 (concluding that evidence that a company may have failed to abide by its own safety policies can be used to show negligence in a premises liability claim brought under Oklahoma law).

judgment on the negligence claim must be denied.

Sam's Club's attempts to resist this conclusion are unavailing. Although it acknowledges the existence of the Strategic Maintenance Plan, Sam's Club argues that "controlling law establishes that policies do not alter the legal duties of Defendant."[31] But the very case on which Sam's Club relies explains that "although a company's internal policies 'do not alter the applicable standard of care, they are admissible to show negligence,' even if the policies demand a higher standard of care than the applicable law."[32] That is, policies may be used "as evidence of the measure of caution which ought to be exercised in situations to which the rules apply" or "offered to inform the jury's decision on what precautions are reasonable in light of the risk."[33] And as explained above, Sam's Club's Strategic Maintenance Plan could be used for this exact purpose.

Sam's Club also suggests that there is insufficient evidence regarding the length of time the substance Roberson slipped on was present on the floor of the store. But Roberson has pointed to the surveillance video, from which she claims a reasonable juror could infer a failure to inspect the food/fresh department for over an hour proceeding Roberson's fall. In any event, "[t]he length of time neglect to inspect may continue without furnishing the basis for an inference of constructive [knowledge] depends on the facts of each case" and "[w]here reasonable minds may differ in their inferences and conclusions therefrom, the

---

[31] Def.'s Reply (Dkt. 42), at 4 (citing *Therrien*, 617 F.3d at 1256).

[32] *Therrien*, 617 F.3d at 1256 (quoting *Robinson*, 16 F.3d at 1091).

[33] *Id.* (internal citations and quotation marks omitted).

question . . . should be left to the jury."[34] Like *Leonard*, the facts now present in this case, along with the inferences that may be reasonably drawn therefrom, present the type of dispute that should be left to the jury.[35] Therefore, summary judgment on Roberson's negligence claim is inappropriate.

*II. Roberson's request for punitive damages.*

Alternatively, Sam's Club moves for summary judgment on Roberson's punitive damages request, arguing that the facts in the record are insufficient for a reasonable jury to conclude that punitive damages are appropriate. As an initial matter, Roberson argues that "summary judgment is not an appropriate means of eliminating a claim for punitive damages."[36] But in cases applying Oklahoma tort law, "[t]he issue of punitive damages is regularly addressed [by federal district courts] at summary judgment."[37] Interpretations of state law by Oklahoma courts support this practice. As the Oklahoma Supreme Court has explained, "[n]othing in the current statutory framework [of the statute governing punitive damages] changes the trial court's responsibility to determine whether *any competent evidence* exists which would warrant submission [of] the question of punitive damages to

---

[34] *J.C. Penney Co. v. Barrientez,* 411 P.2d 841, 848–49 (Okla. 1965); *see Leonard*, 2014 WL 819438, at *3.

[35] *See Leonard*, 2014 WL 819438, at *3.

[36] *See* Pl.'s Resp. (Dkt. 34), at 18.

[37] *Newsome v. Tull*, 2019 WL 5197567, at *1 (W.D. Okla. July 22, 2019); *see, e.g.*, *Anders v. Walmart Inc.*, 2021 WL 6135568, at *2 (W.D. Okla. Dec. 29, 2021) ("[T]he issue of punitive damages may be properly decided at the summary judgment stage[.]"); *Greene v. Bros. Steel Erectors, LLC*, 2019 WL 1848557 (W.D. Okla. Apr. 24, 2019); *Annese v. U.S. Xpress, Inc.*, 2019 WL 1246207 (W.D. Okla. Mar. 18, 2019); *Dutton v. Merit Energy Co., LLC*, 2014 WL 2040615 (W.D. Okla. May 16, 2014).

the jury."[38] Accordingly, "[t]he Oklahoma punitive damages statute does not preclude a trial court at the summary judgment stage from determining whether the requisite evidence exists which would warrant the issue of punitive damages to proceed to trial."[39] Therefore, the Court proceeds to the merits of the punitive damages issue.

Under Oklahoma law, punitive damages may be awarded in two circumstances: (1) where the jury finds by clear and convincing evidence that the defendant has been guilty of "reckless disregard for the rights of others;" or (2) where the jury finds by clear and convincing evidence that the defendant has acted "intentionally and with malice towards others."[40] When reviewing claims for punitive damages at the summary judgment stage, the Court's role is to "determine whether *any competent evidence* exists which would warrant submission [of] the question of punitive damages to the jury."[41]

Roberson does not allege that Sam's Club acted intentionally and with malice, so the only issue before the Court is whether there is sufficient evidence for a jury to conclude that Sam's Club acted with reckless disregard for the rights of others.[42] Upon review, the

---

[38] *Estrada v. Port City Props., Inc.*, 258 P.3d 495, 504 (Okla. 2011) (emphasis in original).

[39] *Newsome*, 2019 WL 5197567, at *1. The cases Roberson relies on are not to the contrary. *See* Pl.'s Resp. (Dkt. 34), at 18–19. At most, these cases support the conclusion that where there is sufficient evidence from which a reasonable juror could conclude that punitive damages are appropriate, the Court must allow that evidence to go to the jury. *See, e.g.*, *Hightower v. Kansas City Southern Ry. Co.*, 70 P.3d 835, 850 n.28 (Okla. 2003). Nothing in these cases precludes a trial court at the summary judgment stage from determining whether there is sufficient evidence for a reasonable jury to make such a conclusion.

[40] Okla. Stat. tit. 23, § 9.1.

[41] *Estrada*, 258 P.3d at 504 (emphasis in original).

[42] *See* Pl.'s Resp. (Dkt. 34), at 19.

Court concludes that summary judgment is not appropriate. While the issue of punitive damages may be decided at the summary judgment stage, the issue is often "best resolved at trial with the benefit of a complete record."[43] While "the record now before the court gives *ample* room for skepticism as to whether the issue of punitive damages will be submitted to the jury,"[44] Roberson has presented evidence from which a jury could infer at least one recognized ground for punitive damages.

In *Scribner v. Hillcrest Medical Center*,[45] the Oklahoma Court of Civil Appeals held that there was sufficient evidence for the trial court to submit the issue of punitive damages to the jury.[46] There, the plaintiff introduced evidence that the defendant (a hospital) had adopted policies for patient identification and that the hospital had failed to adhere to those policies. The court found that the existence of the policies "support[ed] at least an inference that Hospital recognized the risk of injury due to misidentification."[47] The court also found that evidence of the hospital's failure to follow those policies could suggest an indifference to the recognized risk, thereby "support[ing] a finding of conduct equivalent to 'reckless disregard for the rights of another' warranting . . . submission of the issue of punitive damages to the jury."[48]

---

[43] *Anders*, 2021 WL 6135568, at *2 (declining to grant summary judgment on punitive damages in a slip-and-fall case).

[44] *Id.* (emphasis in original).

[45] 866 P.2d 437 (Okla. Civ. App. 1992).

[46] *Id.* at 440–41

[47] *Id.* at 441

[48] *Id.*

At this stage, Roberson has introduced sufficient evidence that a rational trier of fact could use to conclude that punitive damages may be appropriate under the theory of reckless disregard for the rights of another adopted by the court in *Scribner*. As discussed above, Sam's Club's Strategic Maintenance Plan could support an inference by a reasonable jury that Sam's Club recognized an elevated risk of injury in the location of the store where Roberson fell. And Roberson has pointed to evidence—the surveillance video—indicating that Sam's Club and its employees may have failed to abide by this policy. Construing all facts and reasonable inferences in the light most favorable to Roberson—as the Court must do at this stage—Roberson has demonstrated that there is a genuine dispute of material fact as to whether Sam's Club exhibited a reckless disregard for the rights of others under *Scribner*. Therefore, summary judgment on the issue of punitive damages is inappropriate.

## *Conclusion*

Since there are genuine disputes of material fact on the issues of negligence and punitive damages, Sam's Club's Motion for Summary Judgment (Dkt. 23) is **DENIED**.

**IT IS SO ORDERED** this 21st day of July 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE